UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

L.F., individually and on behalf of L.W., a
minor,

Plaintiff,

v.                                                        CAUSE NO. 3:25cv1073 DRL-SJF

CASTON SCHOOL CORPORATION,

Defendant.

OPINION AND ORDER

L.W. is a dyslexic student at Caston School Corporation. In January 2025, the school decided he was no longer eligible for special education and related services. L.F. (L.W's mother) requested a due process hearing under the Individuals with Disabilities Education Act (IDEA), 20 U.S.C. §§ 1400 *et seq.*, and a hearing officer decided in Caston's favor. L.F. filed this suit—then immediately amended due to a filing error—alleging the hearing officer's decision was inconsistent with the IDEA. She attached the decision to the amended complaint and moved to proceed under a pseudonym. On April 3, 2026, Caston moved to dismiss L.F.'s complaint under Rule 12(b)(6) for failure to state a claim. L.F. never responded to the motion to dismiss, but the pseudonymity motion is fully briefed. The court now takes up both, ruling on the motion to dismiss summarily. *See* N.D. Ind. L.R. 7-1(d)(5).

In reviewing a motion to dismiss under Rule 12(b)(6), the court accepts all well-pleaded factual allegations as true and draws all reasonable inferences in the plaintiff's favor. *Reynolds v. CB Sports Bar, Inc.*, 623 F.3d 1143, 1146 (7th Cir. 2010). A complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P.

8(a)(2). A "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). It need not plead "detailed factual allegations." *Id.* A claim must be plausible, not probable. *Indep. Tr. Corp. v. Stewart Info. Servs. Corp.*, 665 F.3d 930, 935 (7th Cir. 2012). Evaluating whether a claim is sufficiently plausible to survive a motion to dismiss is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *McCauley v. City of Chi.*, 671 F.3d 611, 616 (7th Cir. 2011) (quotations and citation omitted).

The IDEA obliges each state accepting federal funding for the education of disabled children to provide each child a free appropriate public education and an individualized education program designed to meet his or her education needs, 20 U.S.C. §§ 1412(a)(1)(A), 1414(d). The Act creates procedures by which a parent can challenge purported shortcomings of a child's free appropriate public education, the ability to pursue relief in state administrative proceedings, and the right to ultimately bring a civil action in state or federal court. *See* 20 U.S.C. §§ 1415(b)(6), (f)(1)(A), (i)(2)(A); *Alex R. v. Forrestville Valley Cmty. Unit Sch. Dist. No. 221*, 375 F.3d 603, 611 (7th Cir. 2004).

Caston says L.F.'s amended complaint is deficiently sparse, and the court agrees. The lone allegation buttressing L.F.'s claim is that "[t]he hearing officer's decision does not comport with the IDEA or cases interpreting it" [3 ¶ 18]. The remainder merely explains the court's jurisdiction, the parties, high-level procedural history, and the relief sought. Though an amended complaint need not contain detailed allegations, this sort of bare, conclusory pleading is insufficient. It fails to provide Caston with notice of how the hearing officer's decision

2

contravenes the IDEA, or otherwise a plausible explanation of why or how. What fact findings or legal conclusions were erroneous? How were procedures violated? The amended complaint doesn't say, and merely attaching the officer's decision adds no more specificity. Whether the claim is possible, there aren't enough facts alleged to make it plausible. The court will grant Caston's motion to dismiss and, in doing so, will moot the motion to proceed under a pseudonym.

For these reasons, the court GRANTS the motion to dismiss [12], DENIES AS MOOT the motion to proceed under a pseudonym [4], and DISMISSES the case without prejudice.

SO ORDERED.

May 6, 2026                                  s/ Damon R. Leichty
                                             Judge, United States District Court

3